IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) ) ) | Criminal No. 20-2 J |
| ANDREW R. COLVIN | ) ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon, Assistant United States Attorney for said district, and submits the following Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession with intent to distribute a quantity of marijuana, a Schedule I controlled substance on or about October 7, 2019. | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) |
| 2 | Possession with intent to distribute one (1) gram or more of lysergic acid diethylamide (LSD), a Schedule I controlled substance, and quantities of: marijuana, a Schedule I controlled substance; cocaine, a Schedule II controlled substance; methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance; ketamine, a Schedule III controlled substance; and tetrahydrocannabinol (THC), | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(v), 841(b)(1)(C), 841(b)(1)(D), and 841(b)(1)(E) |

a Schedule I controlled substance on or about October 9, 2019.

## II. ELEMENTS OF THE OFFENSES

A. As to Count One:

In order for the crime of possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), to be established, the government must prove all of the following essential elements, beyond a reasonable doubt:

1. That on or about the date set forth in the Indictment, the defendant possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.) 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Ashley, 26 F.3d 1008 (10th Cir. 1994); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985); United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir. 1976).

3. That marijuana is a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 812(c), Schedule I(c)(10).

B. As to Count Two:

In order for the crime of possession with intent to distribute one (1) gram or more of lysergic acid diethylamide (LSD), a Schedule I controlled substance, and quantities of: marijuana, a Schedule I controlled substance; cocaine, a Schedule II controlled substance; methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance; ketamine, a Schedule III controlled substance; and tetrahydrocannabinol (THC), a Schedule I controlled

2

substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(v), 841(b)(1)(C), 841(b)(1)(D), and 841(b)(1)(E), to be established, the government must prove all of the following essential elements, beyond a reasonable doubt:

1. That on or about the date set forth in the Indictment, the defendant possessed with intent to distribute the controlled substance(s) charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.) 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Ashley, 26 F.3d 1008 (10th Cir. 1994); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985); United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir. 1976).

3. That lysergic acid diethylamide (LSD) is a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 812(c), Schedule I(c)(9), and that the amount was one gram or more.

4. That marijuana is a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 812(c), Schedule I(c)(10).

5. That cocaine is a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 812(c), Schedule II(a)(4).

6. That methylenedioxymethamphetamine (MDMA) is a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 812(c), Schedule I(c)(1).

7. That ketamine is a Schedule III controlled substance.

8. That tetrahydrocannabinol (THC) is a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 812(c), Schedule I(c)(17).

### III. PENALTIES

A. As to Count One: Possession with intent to distribute a quantity of marijuana (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)):

  1. A term of imprisonment of not more than five (5) years.

  2. A fine not to exceed $250,000.

  3. A term of supervised release of at least two (2) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

  1. A term of imprisonment of not more than ten (10) years.

  2. A fine not to exceed $500,000.

  3. A term of supervised release of at least four (4) years.

B. As to Count Two: Possession with intent to distribute one (1) gram or more of lysergic acid diethylamide (LSD), and quantities of: marijuana, cocaine, methylenedioxymethamphetamine, ketamine, and tetrahyrdocannabinol (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(v), 841(b)(1)(C), 841(b)(1)(D), and 841(b)(1)(E)):

  1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

  2. A fine not to exceed $5,000,000.

  3. A term of supervised release of at least four (4) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not less than ten (10) years to life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least eight (8) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100 must be imposed for each count in the Indictment for which the defendant is convicted, pursuant to 18 U.S.C. § 3013, as the offenses occurred after April 24, 1996.

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*Maureen Sheeha-Balch*
MAUREEN SHEEHAN-BALCHON
Assistant U.S. Attorney
PA ID No. 78059